UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER BELAN,

    Defendant,

and

NATIONWIDE RETIREMENT
SOLUTIONS,

    Garnishee,
_____/

CASE NO. 2:07-x-50979
JUDGE JULIAN ABELE COOK
MAGISTRATE JUDGE PAUL J. KOMIVES

OPINION AND ORDER GRANTING KATHY BELAN'S MOTION TO INTERVENE (docket #3) and DENYING DEFENDANT'S OBJECTION TO GARNISHMENT AND MOTION TO STAY EXECUTION (docket #4)

I.    OPINION

A.    *Background*

This matter is before the Court on the government's application for a writ of continuing garnishment, defendant's objection thereto, and defendant's alternative motion to stay execution. Also pending before the Court is the motion of Kathy Belan, defendant's wife, to intervene. The facts underlying these matters are not in dispute. Petitioner was convicted in this Court, pursuant to his guilty plea, of conspiracy to commit wire fraud, 18 U.S.C. § 371, in case number 04-CR-80707. Also convicted in that case was defendant's codefendant, Pasquale DiPofi. On April 5,

1

2007, defendant was sentenced to a term of 15 months' imprisonment, to be followed by a term of 24 months' supervised release. Defendant was also ordered to pay a special assessment of $100.00, and restitution in the amount of $49, 382.00. This restitution is owed jointly and severally by defendant and codefendant DiPofi. As of the date of the government's response, defendant had paid $316.46 towards restitution.

On November 15, 2007, the government filed an application for a writ of continuing garnishment against Nationwide Retirement Services, and the clerk issued a notice of garnishment on the same date. On January 15, 2008, Nationwide filed its answer, indicating that it held a retirement account in defendant's name with a value, as of January 10, 2008, of $24,939.46. Meanwhile, on December 28, 2007, defendant filed his objection to the garnishment and a motion to stay execution. Simultaneously, defendant's wife filed a motion to intervene. Defendant argues that the retirement funds are exempt from garnishment in whole or that, at most, only 25% of the funds are subject to garnishment. Alternatively, defendant argues that if the Court concludes that the funds are subject to garnishment, execution should be stayed pending resolution of the government's motion to apply codefendant DiPofi's bond money to the restitution. The government filed a response to the motion on April 1, 2008. The government argues that the funds are subject to garnishment, and that a stay is not appropriate. The Court heard oral argument on the matter on May 27, 2008, at which time the Court granted Kathy Belan's motion to intervene and took the remainder of the matter under advisement.[1] For the reasons that follow, defendant's objections to the garnishment will be overruled and his alternative request for a stay will be denied.

---

[1]On January 16, 2008, the District Judge referred the matter to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

B.  *Garnishment of the Funds*

Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A)(i), the statutory provision governing civil remedies for satisfaction of a criminal fine apply and also provide the remedies for satisfaction of an order of restitution. That statute provides, in relevant part:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a find may be enforced against all property or rights to property of the person fined, except that–
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law; . . . and
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). The statute also provides that a fine or order of restitution constitutes "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." *Id*. § 3613(c).

There is no question that the government may use garnishment to enforce an order of restitution. The Federal Debt Collection Procedures Act (FDCPA) explicitly authorizes a court to enter a writ of garnishment "against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest[.]" 28 U.S.C. § 3205(a). The FDCPA constitutes "practices and procedures for the enforcement of a civil judgment under Federal law" under § 3613(a), and itself explicitly defines a "debt" as including any amount due to the government as restitution, *see* 28 U.S.C. § 3002(3)(B). Defendant does not challenge the government's ability to enforce the restitution order through garnishment as a general matter. Rather, defendant argues that

3

the funds which the government seeks to garnish are either wholly or partially exempt from collection.

Defendant's argument that the funds are wholly exempt from garnishment is based on the anti-alienation provision of the Employee Retirement and Income Security Act (ERISA). This provision requires that a private pension plan qualifying under ERISA must contain a provision prohibiting the assignment or alienation of benefits. *See* 29 U.S.C. § 1056(d)(1). As the Supreme Court explained, the ERISA anti-alienation provision is designed "to safeguard a stream of income for pensioners," and thus prevents alienation or assignment even where it "prevents others from securing relief for wrongs done them." *See Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990). However, the *Guidry* Court also noted that Congress was free to craft exceptions to this rule. *See id.* Partially in response to *Guidry*, Congress passed the Mandatory Victims Restitution Act, requiring the imposition of restitution in most circumstances, 18 U.S.C. § 3663A, and making restitution subject to the enforcement mechanisms for civil fines, which themselves are treated as federal tax liens. As the Ninth Circuit has explained Congress,

> by requiring the entry of restitution orders in certain criminal cases (18 U.S.C. § 3663A(a)(1)), by making those restitution orders liens in favor of the United States (18 U.S.C. § 3613(c)), and by authorizing the enforcement of those orders against all properties not exempt from the reach of the United States for the payment of taxes (see 18 U.S.C. § 3613(a)), has created a statutory exemption to ERISA's anti-alienation provision.

*United States v. Novak*, 441 F.3d 819, 825 (9th Cir.2006), *aff'd on reh'g en banc*, 476 F.3d 1046-53 (9th Cir. 2007) (en banc). Because ERISA plan funds are not exempted from collection under the Internal Revenue Code, *see United States v. Sawaf*, 74 F.3d 119, 123-25 (6th Cir. 1996), and because none of the exemptions set forth in § 3613(a)(1) are applicable to defendant's retirement account, *see* 18 U.S.C. § 3613(a)(1) (incorporating exemptions contained in 26 U.S.C. § 6334(a)(1)-(8), (10),

(12)), the government may garnish defendant's retirement account.[2] As another judge of this Court has explained, "all three statutes – ERISA, FDCPA, and the Internal Revenue Code – are in perfect harmony as to the ability of the government to garnish a qualified pension plan in order to enforce a federal income tax liability or a criminal restitution order." *United States v. Tyson*, 242 F. Supp. 2d 469, 473 (E.D. Mich. 2003) (Whalen, M.J.); *see also*, *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006); *Novak*, 441 F.3d at 822-25, *aff'd on reh'g en banc*, 476 F.3d at 1046-53; *United States v. Wahlen*, 459 F. Supp. 2d 821-22 (E.D. Wis. 2006). Accordingly, defendant's retirement account is not exempt from garnishment to satisfy his criminal restitution.[3]

Defendant next argues that, even if the retirement fund is not wholly exempt from garnishment, the government may garnish no more than 25% of the fund pursuant to § 303 of the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1673. The civil remedy provision expressly provides that § 303 "shall apply to enforcement of the judgment under Federal law or State law." 18 U.S.C. § 3613(a)(3). In turn, § 303 provides in relevant part:

> Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for

---

[2]Specifically, the listed exemptions provide an exemption from tax levy for: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments of railroad workers and military personnel; (7) workers compensation benefits; (8) child support; (10) service related disability payments; and (12) assistance under the Job Training Partnership Act. *See* 26 U.S.C. § 6334(a)(1).

[3]Two additional points are necessary. First, while the government may garnish the funds in the retirement account, under the garnishment the "funds [are ] only payable when the defendant has a current, unilateral right to receive payments under the terms of the retirement plan," because it is only then that defendant has a property interest in the funds. *Novak*, 476 F.3d at 1043. Second, although defendant's wife has intervened, she claims only to be a beneficiary of the retirement account, and not a co-owner. Her interest in the retirement fund is therefore derivative of her husband's interest, and she has no independent property right she may assert to defeat garnishment.

> any workweek which is subjected to garnishment may not exceed
>
>> (1) 25 per centum of his disposable earnings for that week, or
>> (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,
>
> whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

15 U.S.C. § 1673(a). Defendant argues that, upon his release from prison, his retirement plan will serve as his sole source of income, and thus that the government cannot garnish more than 25% of the retirement funds.

Defendant's argument misapprehends the meaning of "earnings" as used in § 303. As used in the CCPA, "[t]he term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program." 15 U.S.C. § 1672(a). As the Supreme Court has explained, "earnings" under § 303 are "limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation." *Kokaszka v. Belford*, 417 U.S. 642, 651 (1974). Under these definitions, the courts have uniformly held that once passed to a retirement account or annuity in the hands of the employee, the funds in the account or annuity are not "earnings" under the CCPA, and thus not subject to the 25% cap, even if they are distributed in periodic payments–in other words, the distributions from the fund to defendant are not "disposable earnings" under § 303. *See United States v. Crawford*, F-04-0200, 2006 WL 2458710, at *2-*3 (E.D. Cal. Aug. 22, 2006); *United States v. Laws*, 352 F. Supp. 2d 707, 713-14 (E.D. Va. 2004);

*Aetna Cas. & Surety Co v. Rodco Autobody*, 965 F. Supp. 104, 109 (D. Mass. 1996).[4] Accordingly, the government is not limited to garnishing 25% of the retirement fund under § 303 of the CCPA.

C.   *Stay*

Defendant alternatively requests that the Court stay enforcement of the restitution judgment until the Court makes a determination on the government's motion for an order applying codefendant DiPofi's bond to restitution.[5] Defendant argues that, if the Court concludes that the bond money should be applied to restitution, the amount which he owes as restitution would be fully satisfied and there would be no need to garnish his retirement account.

Defendant bases his request for a stay on Rule 62(h) of the Federal Rules of Civil Procedure. Rule 62(h) provides that, in a case involving multiple parties, "[a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." FED. R. CIV. P. 62(h). Rule 62(h), however, is inapplicable here for two reasons. First, this case does not involve a final judgment entered under Rule 54(b) of the Federal Rules of Civil Procedure. Rather, the restitution order is part of the criminal judgment entered under the

---

[4]Stated another way, the employer's periodic payments to a retirement program are includable as "earnings" under 15 U.S.C. § 1672(a), but once those funds are in the retirement account future distributions from the account do not themselves constitute "earnings." Any other conclusion would render § 303 nonsense. As set forth above, § 303 limits garnishment to 25% of disposable earnings for the particular workweek in which the garnishment is had. By their nature, distributions from a retirement account, even if made on a regular weekly schedule, do not relate to a particular "workweek." Thus, treating distributions from the retirement account as earnings renders § 303 unworkable, especially in the usual case where such distributions are not made pursuant to a regular weekly schedule.

[5]The undersigned entered an Order denying the government's motion as to codefendant DiPofi's bond on April 10, 2008. The government's appeal of that Order is currently pending before Judge Cook.

Federal Rules of Criminal Procedure. Although the government is authorized to use the practices and procedures applicable to enforcement of civil judgments to enforce the restitution order, *see* 18 U.S.C. § 3613(a), the enforcement action is not a separate civil proceeding but remains part of the criminal action. *See United States v. Kollintzas*, 501 F.3d 796, 800-01 (7th Cir. 2007); *United States v. Mays*, 430 F.3d 963, 966-67 (9th Cir. 2005); *United States v. Scarboro*, 352 F. Supp. 2d 714, 716-17 (E.D. Va. 2005).

Second, the rule permits the Court to stay enforcement of a judgment on one claim or against one party until the Court enters judgment with respect to the remaining claims or parties. Here, however, a judgment with respect to restitution has already been entered against co-defendant DiPofi. Defendant does not seek a stay of enforcement pending the entry of judgment as to co-defendant DiPofi; rather, he seeks a stay of the government's enforcement of the judgment as to him until the conclusion of the government's parallel enforcement action against co-defendant DiPofi. By its terms, Rule 62(h) does not authorize this type of stay.[6]

Apart from Rule 62(h), defendant does not point to any other rule or statute which would authorize a stay of the government's enforcement of the restitution order. Thus a stay, if it is to be granted, must be founded on the Court's inherent authority. As Justice Cardozo noted, writing for the Court in *Landis v. North American Co.*, 299 U.S. 248 (1936), the power to stay is

> incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

---

[6]Indeed, interpreting Rule 62(h) to allow a stay of enforcement pending the conclusion of separate enforcement proceedings against another defendant would be nonsensical, because each codefendant would have equal claim to such a stay.

*Id*. at 254-55; *see also, United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32, 34 (1812) ("Certain implied powers must necessarily result to our Courts of justice from the nature of their institution."); *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 656 (7th Cir. 1989) (en banc) (district courts have "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Here, a stay pursuant to the Court's inherent authority is not appropriate. A party seeking a stay "must make out a clear case of hardship or inequity . . . if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. And in all events a court deciding whether to issue a stay "must weigh competing interests and maintain an even balance." *Id*. at 256. Here, the equities do not favor a stay. Restitution in this case was ordered to compensate the victims of petitioner's crime. The purpose of the MVRA is to provide timely restitution to crime victims, *see* 18 U.S.C. § 3572(d), and restitution is mandatory without regard to the defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(1). To be sure, scheduled, partial, and nominal payments may be ordered based on financial circumstances, *see id*. § 3664(f)(2), (3), but this inquiry is part of the sentencing proceedings. It would subvert the purposes of the MVRA to allow a dispute between two defendants who are jointly and severally liable to effect a delay in payment to the victim from funds which are otherwise available to satisfy defendant's restitution obligation. And, whatever the equities between defendant and co-defendant DiPofi, as between defendant and his victims the equities clearly favor his victims. Accordingly, it would not be appropriate for the Court to exercise its inherent authority to stay the government's attempt to collect the restitution owing by garnishing

defendant's retirement account.

II.  ORDER

In view of the foregoing, it is ORDERED that defendant's objection to garnishment is hereby OVERRULED. It is further ORDERED, as indicated at the hearing on this matter, that Kathy Belan's motion to intervene is hereby GRANTED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/13/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2008.

s/Eddrey Butts
Case Manager